Rosalina LORENZO
v.
PUBLIC SERVICE COORDINATED TRANSPORT, Appellant,
v.
John Ennis BRITTINGHAM, as Administrator of the Goods and Chattels which were of Leland J. Brittingham, Deceased.

No. 13266.

United States Court of Appeals Third Circuit.

Argued Nov. 18, 1960.

Decided Nov. 30, 1960.

948

Louis F. Stein, Jr., Maplewood, N. J. (Bernard M. Powell, Maplewood, N. J., on the brief), for appellant.

Milton S. Rinzler, New York City (Harvey Smith, Hackensack, N. J., Rinzler, Schneer & Wiener, New York City, on the brief), for plaintiff-appellee.

Morris J. Oppenhein, Asbury Park, N. J., for Brittingham, Admr.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the plaintiff in a personal injury case. Jurisdiction is based on diversity. The operative facts occurred in New Jersey and that State's law governs so far as substantive tort law is concerned.

The case presented the question whether the driver of the defendant's bus failed in his duty of care when the bus collided with an approaching motor car which cut across the median strip of the New Jersey Turnpike and shot across the opposite lane at high speed. The jury, guided by careful interrogatories from the trial judge, answered the question in the plaintiff's favor. The question is not whether the Court would have given the same verdict as the jury but whether there was before that body evidence on which its finding can be based. The trial judge thought so and we do also.

Numerous errors in the conduct of the trial are complained of but we think that they are not sufficiently substantial to cause the verdict to be set aside.

The judgment of the district court will be affirmed.